UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NITHYA VINAYAGAM,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR ADMINISTRATIVE REVIEW BOARD, et al.,<br><br>  Defendants. | Case No. 2:18-cv-01206-RFB-DJA<br><br>**ORDER** |

This matter is before the Court on Plaintiff Nithya Vinayagam's Second Amended Complaint (ECF No. 9), filed on August 16, 2019. On July 19, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed his Amended Complaint with leave to amend. (ECF No. 7). Plaintiff then timely filed the instant Second Amended Complaint, which the Court will now screen.

**I.    SCREENING THE AMENDED COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

1   in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908
2   (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

3         In considering whether the complaint is sufficient to state a claim, all allegations of
4   material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5   *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6   Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7   must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8   544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
9   Further, a Court may dismiss a claim as factually frivolous if its allegations are "clearly baseless,
10  a category encompassing allegations that are fanciful, fantastic, and delusional." D*enton v.*
11  *Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and punctuation omitted).  Unless it is
12  clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff
13  should be given leave to amend the complaint with notice regarding the complaint's deficiencies.
14  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

15        Here, Plaintiff's Second Amended Complaint (ECF No. 9) is 107 pages that appears to
16  assert 17 claims stemming from her recruitment to work in Georgia by Eis Technologies, which
17  later became Cronous, Inc.  She traveled from India for a Senior Consultant position, but claims
18  she was not paid her full wages and the Company shut down without securing her visa.  She filed
19  a wage and hour complaint with the Department of Labor in Atlanta, which was decided against
20  her and she appealed up to the Circuit.  Further, Plaintiff secured back wages as a result of a
21  settlement of a civil lawsuit filed in Georgia.  Plaintiff now attempts to challenge the alleged visa
22  fraud and fraud in foreign labor contracting that she claims was done by the owners of Cronous,
23  Inc.  She also attempts to assert perjury, wire fraud, mail fraud, prohibition of indemnity bonds,
24  forced labor, wage violations, false statements, misuse of visa, retaliation, fraud, loss of
25  immigration status, defamation, negligence, appeal of the ARB decision, and personal liability
26  claims.

27        The Court has a duty to ensure that it has subject matter jurisdiction over the dispute
28  before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P.

1  12(h)(3).  Federal courts are courts of limited jurisdiction and possess only that power authorized
2  by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  "A federal court is
3  presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."
4  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.
5  1989).  "The party asserting federal jurisdiction bears the burden of proving that the case is
6  properly in federal court." *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing*
7  *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

8  Here, it is not clear that the Court can assert jurisdiction – subject matter and personal –
9  over the parties and claims at issue.  Moreover, there appears to be significant venue and res
10 judicata issues.  Plaintiff indicates that she has already challenged the wage issues with the Depart
11 of Labor and appealed through their administrative process and the Circuit.  As such, such claims
12 would be precluded from being challenged with this lawsuit.  Moreover, the other claims against
13 the owners of Cronous, Inc. are not in the appropriate venue as all of the events appear to have
14 taken place in Georgia and the Court would not have personal jurisdiction over the individuals
15 named in the second amended complaint.  Moreover, to the extent that Plaintiff challenges a visa
16 denial, that would be need to be done through the administrative process.  The Court will given
17 Plaintiff one more chance to amend to correct these deficiencies to the extent she thinks she can.

18 If plaintiff chooses to file an amended complaint, the document must be titled "Third
19 Amended Complaint."  The third amended complaint must contain a short and plain statement
20 describing the underlying case, the defendant's involvement in the case, and the approximate
21 dates of its involvement.  *See* Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules of Civil
22 Procedure adopt a flexible pleading standard, plaintiff still must give defendants fair notice of her
23 claims against them and her entitlement to relief.  Plaintiff is advised that if she files an amended
24 complaint, the second amended complaint (ECF No. 9) no longer serves any function in this case.
25 As stated above, the amended complaint must be complete in and of itself without reference to
26 prior pleadings or other documents.

27  / / /
28  / / /

## II. CONCLUSION

IT IS THEREFORE ORDERED that the second amended complaint (ECF No. 9) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER ORDERED that Plaintiff shall have until **April 23, 2020**, to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

DATED: March 23, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE